GOEBEL *v.* THE CINCINNATI POSTAL TERMINAL & REALTY CO.

(Decided March 5, 1928.)

*Messrs. Dinsmore, Shohl & Sawyer,* for plaintiff in error.

*Mr. Victor Heintz* and *Mr. I. B. Davidson,* for defendant in error.

HAMILTON, P. J.  The controversy here grows out of the construction to be given to certain conditions in a deed executed and delivered by the plaintiff in error, Florence G. Goebel, to the defendant in error,

on the 22d day of June, 1922. The deed conveys real estate located on the east side of John street, between Third and Fourth streets, Cincinnati, Ohio.

At the time of the conveyance, there was a written lease for the real estate in question from Florence G. Goebel, plaintiff in error, to the May-Stern Company, which lease did not expire until March 31, 1923. The May-Stern Company was paying a stipulated rent of $225 per month. The lease contained the usual clause for quiet and peaceful occupancy during the term of the lease.

The immediate question involved is the right of the grantee to recover from the grantor, Florence G. Goebel, one-half the cost and expenses of securing possession of the premises from the May-Stern Company before the expiration of its lease.

At the close of the realty company's evidence, defendant moved for an instructed verdict, which motion being overruled, the defendant rested without offering any testimony.

The pertinent facts leading up to the execution of the deed, with the conditions therein, were, in substance, as follows: Early in the year 1922, the post-office department desired to procure a building for the purpose of extending its postal terminal. Whereupon one W. S. Hartley secured from Mrs. Goebel an option on the property in question. The Hartley option was assigned to George A. Sawyer. While the Hartley option is not material in the case, it leads up to the material questions. Sawyer was an officer of the Postal Terminal & Realty Company, the defendant in error, and was familiar with the needs of the post-office department. Sawyer thereupon began negotiations with the plaintiff in error

concerning the property, resulting in an option direct to Sawyer, executed on March 20, 1922. This option to Sawyer contained the following provision.

"Second. The title to said property shall be free, clear, and unincumbered, except as to the taxes due and payable December, 1922, also as to lease to May-Stern & Company, which will expire March 31, 1923, the obligation of which in all respects is assumed by said George A. Sawyer, his heirs and assigns, and he obligates himself to pay the rent for the unexpired term and for that purpose has deposited with the Fourth National Bank, of Cincinnati, Ohio, the sum of twenty-five hundred dollars ($2,500.00), which said bank is to hold in accordance with an agreement entered into by said Sawyer, Goebel, and said bank. Any amount incurred in securing the possession of said premises from May-Stern & Company shall be equally apportioned between said Sawyer and Goebel."

On April 28, 1922, Sawyer exercised his privilege under the option, and transferred his interest thereunder to the defendant in error. On June 22, 1922, the deed in question was executed and delivered by plaintiff in error to the defendant in error. This deed, after describing the property, contains the following:

"The within conveyance being made subject to a lease by Florence G. Goebel to the May-Stern Company, a corporation, dated March 16, 1918, for a period of five years commencing April 1, 1918, and which lease will expire on the 30th day of March, 1923. The grantee herein assuming all the obligations, conditions and terms therein stated and is entitled to all the benefits thereof, and subject to

the following stipulation contained in the contract of sale of March 20, 1922: Any amount incurred in securing the possession of said premises from May-Stern & Co. shall be equally apportioned between said grantor and grantee.''

It appears from the record that the property in question was one of several pieces of property which had been secured for the purpose of constructing a Postal Terminal building for the use of the government.

Defendant in error, upon receipt of the deed, and prior thereto, negotiated with the May-Stern Company for the termination of its lease and the securing of the immediate possession of the premises from it, without awaiting the expiration of its term, which, as heretofore stated, expired March 31, 1923. These negotiations resulted in the securing by the defendant in error from Helen B. Stone of a brick building in the neighborhood, upon taking a lease for a term of five years, at a monthly rental of $450 per month; the defendant in error, the lessee, contracting to make certain repairs and changes in the building. The May-Stern Company agreed to move into the Stone property and surrender the lease on the John street property, on condition that the repairs were made, a proper heating plant installed, the elevator changed and enlarged, and the execution to it of a five-year lease at a rental of $225 per month, all of which was done. Thereupon the May-Stern Company surrendered the lease to the John street property to the defendant in error, accepted the lease, on the conditions suggested, from the defendant in error, and was moved to the Stone property.

The cost of the improvements to the Stone building and the cost of moving, together with the difference in rent of $225 per month for the five-year lease, entailed an expense to the Postal Terminal Company, defendant in error, of $19,268.52. The claim here from Florence G. Goebel is for one-half of this amount, to wit, the sum of $9,634.26.

The claim of the defendant in error is, and was in the trial court, that the sentence, "Any amount incurred in securing the possession of said premises from May-Stern & Company shall be equally apportioned between said grantor and grantee," gave the right to the defendant in error to proceed at once to secure the cancellation of the May-Stern lease and immediate possession of the premises.

The plaintiff in error contends that this clause bound the grantor to pay one-half the cost of securing possession of the premises upon the termination of the lease on March 31, 1923, and did not provide for the payment of one-half of the cost of securing possession of the premises during the term of the lease.

The defendant in error, plaintiff below, at the trial took the view that the word "possession" required some explanation as to the intention of the parties, and tendered evidence to support its claim that the intention was that it should have immediate possession, and that the grantor would pay half the cost of securing possession during the term of the lease.

The court, however, at the close of the evidence, took the view that the language was unambiguous, and that the construction was for the court, and construed the clause as follows:

"The Court instructs you that the word 'possession' as used in this deed, and also the contract of sale, contemplated the cancellation of the May-Stern lease and consequently the immediate possession of the premises within a reasonable time; the words 'grantor and grantee' used therein refer respectively to the defendant and plaintiff; and therefore, any amount which you find by a preponderance of the evidence in this case to have been reasonably expended by the plaintiff to secure possession of the said premises, you will divide equally between the respective parties to this action."

The argument of the plaintiff in error is that the assumption in the deed of all the terms and conditions of the May-Stern lease shows that the word "possession," with reference to the payment of one-half of the cost by the grantor, meant possession at the end of the term of the May-Stern lease.

Plaintiff in error further argues that, if immediate possession was intended, there would have been no reason for the assumption of the lease by the grantee.

We are of opinion that the court construed the clause in question correctly. In so far as the assumption of the lease affects the clause, we see no reason for qualifying one by the other. A good and valid lease was in existence when the deed was made. The lease contained the usual stipulation for quiet enjoyment of the premises for the term.

Naturally, the grantor would provide against improvident or unlawful procedure on the part of the grantee in depriving the May-Stern Company of its rights under the lease. She could, however, by separate condition, provide for any assistance in

procuring immediate possession without in any way reflecting on the clause assuming the terms and conditions of the lease. This she did in the clause in question.

"Possession" has been defined by lexicographers as meaning "present occupancy," and "immediate, exclusive dominion of land." So that the word standing alone, under the definitions, would carry with it immediate possession, without reading anything into the contract not indicated by the language of the instrument itself.

Counsel for plaintiff in error argue that the construction placed upon the clause by the trial court would require reading into the clause the word "immediate" before "possession," but overlook the proposition that to give it the interpretation suggested would require reading into the clause "upon the termination of the lease."

The clause says: "Securing possession of said premises from May-Stern & Company." If it was not intended to mean securing possession during the term, then there would be no force or effect to be given to the clause. If, as claimed by counsel for the plaintiff in error, it meant possession at the end of the May-Stern lease, it would suggest only the possibility of a forcible entry and detention or ejectment suit nine months later, notwithstanding the May-Stern lease had expired.

Many cases are cited by counsel in the briefs of both parties, but they are of little assistance in a case of this kind.

There is in the record a great deal of evidence which was admitted which would tend to show that the intention of the parties, under the clause in

question, was that the grantor should pay half the costs of securing possession during the term of the lease. There is a great deal of evidence which was tendered by the plaintiff, but excluded by the court, upon the objection of the defendant, which, if admitted, would, in the absence of rebutting evidence, clearly show this intention. But, however that may be, the error claimed is the construction of the clause by the trial court, derived from the instrument itself, and the charge of the court to the jury as to its construction.

The question here turns on whether or not the trial court properly construed the clause.

We are of the opinion that the trial court placed the proper construction upon the stipulations recited in the deed, and that the jury was properly instructed in regard thereto.

Objection is made to the amount of the award. It is claimed that several items are included which should not be included in the necessary expenses incurred by the defendant in error.

The principal item complained of is the rental of $225 per month for the five-year period for the Stone lease. It is argued that the payments of $225 should not be charged longer than the nine-month unexpired term under the Goebel lease to May-Stern Company.

The evidence is that the only terms under which defendant in error could secure possession of the property which it had purchased from Mrs. Goebel was by executing to May-Stern the five-year lease at a rental of $225 per month, for property which the company had leased at a rental of $450 a month, a loss to the company of $225 per month for five

years. This was a part of the whole arrangement necessary to secure the possession of the property in question, and was as much a proper charge as were the charges for putting the Stone building in repair to May-Stern's satisfaction. The evidence is that this was the best proposition obtainable, and that all expenses incurred were necessary. Moreover, these questions were submitted to the jury, and the jury must have found that they were reasonable and necessary expenses, under the charge of the court.

We find no error in the record prejudicial to the plaintiff in error.

The judgment of the court of common pleas of Hamilton county is affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.